■ In the Matter of DAGGANA SILLAH et al., Respondents, v SHAHID TANVIR, Appellant. [765 NYS2d 877] —Orders, Supreme Court, Bronx County (Alan Saks, J.), entered June 10, 2002, which, insofar as appealed from as limited by the brief, granted petitioners' motion for a preliminary injunction, inter alia, enjoining respondent from interfering with petitioners' operation of Islamic Falah of America, unanimously affirmed, without costs.

This special proceeding seeks a declaration that petitioners are the duly elected trustees of their mosque, Islamic Falah of America. The petition, alleging that respondent continues to interfere with the operation of the mosque, is timely, having been filed on June 10, 2001, within four months of petitioners' election at a special meeting of the not-for-profit corporation on April 1, 2001 (CPLR 217 [1]). Respondent has failed to demonstrate that this proceeding was commenced on improper notice. Not-For-Profit Corporation Law § 618, upon which he relies, is inapplicable to this proceeding, which was brought by persons who were successful in gaining office as trustees and who are therefore not "aggrieved by an election" so as to implicate the pertinent statutory notice requirements. We agree with the IAS court that the meeting was properly conducted and properly convened (Not-For-Profit Corporation Law § 601 [c] [4]; § 603). Petitioners' supporters, who called for and voted at the meeting, were members of the corporation within the contemplation of Religious Corporations Law § 195 (Religious Corporations Law § 2-b [1] [a]). Respondent does not specifically challenge the capacity of any member or group of members to vote. Thus, petitioners established a likelihood of success on the merits of their claims, and the IAS court

properly granted the preliminary injunction (CPLR 6301). Concur—Sullivan, J.P., Rosenberger, Lerner, Friedman and Marlow, JJ.